**UNITED STATES Of America, Plaintiff–Appellee**

v.

**Arnold Avila AVELLANEDA, also known as Arnold Avila, also known as Arnold Avila–Avellaneda, Defendant–Appellant.**

No. 11–20811
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 5, 2013.

Jeffery Alan Babcock, Assistant U.S. Attorney, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Molly Estelle Odom, Esq., Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM: *

Arnold Avila Avellaneda appeals the sentence imposed following his guilty plea conviction for illegal reentry into the Unit-

published and is not precedent except under

ed States by a previously deported alien after an aggravated felony conviction. He argues that the district court plainly erred in imposing a 16–level crime of violence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his Texas conviction for burglary of a habitation with intent to commit theft. He contends that because his conviction falls under Texas's unique "greater right to possession" theory, it does not constitute a generic burglary conviction under *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and, therefore, it was not a conviction for burglary of a dwelling under § 2L1.2. Because Avila Avellaneda did not raise this objection in the district court, review is limited to plain error. *See United States v. Chavez–Hernandez*, 671 F.3d 494, 497–99 (5th Cir.2012); *see also Puckett v. United States*, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009).

We recently rejected this argument in *United States v. Morales–Mota*, 704 F.3d 410 (5th Cir.2013). Accordingly, pursuant to *Morales–Mota*, the district court's application of the 16–level enhancement in this case was proper. *See id.*

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.